**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-27207-KUNTZ**

**LEONARDO JOSE ECHENIQUE,**

Plaintiff,
v.

**KROME NORTH SERVICE PROCESSING CENTER,** *et al.*,

Defendants.
____________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF 1], filed by Leonardo Jose Echenique on October 14, 2026. Based on the Petition, it is unknown when or why Immigration and Customs Enforcement (ICE) detained the petitioner, an alien, whose grounds for immediate release are difficult to understand. *See generally id.* Likewise, the motion to proceed *in forma pauperis* (IFP Motion) lacks merit [ECF 3]. Accordingly, for the following reasons, the Court denies the Petition.

Under 28 U.S.C. § 2243, courts may deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))). Additionally, for an IFP Motion, there must be a

supporting "affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2), Rules Governing Section 2254 Cases. To that end, any "district court may apply any or all of [the Rules Governing Section 2254 Cases'] rules to a habeas corpus petition[.]" Rule 1(b), *id.*

First, the Petition establishes no entitlement to immediate release. Repeatedly, the Petition claims that there is "no administrative appeal available for immigration detention." [ECF 1 at pages 4-5]. However, clearly, that is not the law. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015); *see also Rojas-Hernandez v. Warden, Ice-Ero Ctr. Miramar*, 26-cv-61662, 2026 U.S. Dist. LEXIS 152925, at *2 (S.D. Fla. July 10, 2026). Instead, confusingly, the Petition only cites three cases from federal district courts in California. *Id.* at 8-9. Yet, federal district courts in Florida are only bound by the Eleventh Circuit. *See e.g.*, *In re Hubbard*, 803 F.3d 1298, 1309 (11th Cir. 2015). Also, the Eleventh Circuit has said that any "district court is not bound by another district court's decision, or even an opinion by another judge of the same district court." *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991). In short, the Petition offers no real basis to conclude that the petitioner is not a flight risk, a danger to the community, or likely unremovable, so there are no genuine concerns about Fifth Amendment violations either under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Separately, the Petition neglects to clearly identify the petitioner's "immediate custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

Even though, "when petitioned to interfere with the workings of the State of Florida… the petitioner must clearly and unequivocally allege the identity of his immediate custodian at the relevant time, and name that individual as the respondent." *Chirinos v. Immigr. & Customs Enf't*, No. 6:26-CV-00264 AGM-DCI, 2026 WL 327639, at *6 (M.D. Fla. Feb. 8, 2026).

Second, the IFP Motion is deficient. The petitioner merely answered "0" or "N/A" for each item requiring a response per the AO 240, including "Other Income… received in the past 12 months." [ECF 3 at page 1]. Additionally, he offered no supporting documentation such as a Krome warden's certificate. *See generally id.* Although 28 U.S.C. § 1915 allows for IFP proceedings, courts generally depend on some credible particularity to "weed out the litigants who falsely underestimate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED.** Further, the IFP Motion [ECF 3] is **DENIED**. In turn, the Clerk of Court is directed to **CLOSE** this case.

**DONE** in Chambers in Fort Lauderdale, Florida on October 21, 2026.

Jeff Kuntz

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record and Pro Se Parties